## COMMONWEALTH V. N. MONTEDONICO.

[Abstract Kentucky Law Reporter, Vol. 6—654.]

**Sufficiency of Indictment for Keeping Billiard Table.**

A rectangular table with cushions on the side, with four pockets, one in each corner, and on which games are played with cues and balls, is a billiard table, within the meaning of the statute providing that a license for billiard tables is required to be obtained in counties and cities and towns, and an indictment fails to state a public offense which alleges only that the accused unlawfully kept and had a billiard table for public use, within the corporate limits of the city of Louisville.

**Instruction of Court.**

An instruction is erroneous which charges the jury in a cause wherein the accused is charged with keeping a billiard table in a city, that unless the game of billiards was played on the tables they must find the defendant not guilty. What games were played on the tables was not material.

APPEAL FROM JEFFERSON CIRCUIT COURT.

March 12, 1885.

OPINION BY JUDGE PRYOR:

The indictment in this case charges the defendant with unlawfully keeping and having a billiard table for public use within the corporate limits of the city of Louisville. The appellee defended upon the ground that he did not keep a billiard table within the meaning of the statutes, but a pool table upon which the game of pool alone was played. The game of pool is played with sixteen balls upon a table similar to the billiard table with a pocket in each corner into which the balls are driven. The game of billiards is played with three or four balls and is in many respects unlike the game of pool. The table kept by the appellee years ago according to the

proof would have been called a billiard table, upon which a combine pocket and carom game could be played, but in modern times in a more progressive state of gaming it is called a pool table. This pool table is unknown to lexicographers and was doubtless unknown to the legislature and a mere change of name or the fact that other games may be and are played upon it does not change the name or affect the question when considering the legislative interpretation given it. Webster says that billards is " A game played on a rectangular table covered with a green cloth with small ivory balls, which the player aims to drive into hazard nets or pockets at the sides and corners of the tables by impelling one ball against another with maces or cues, according to certain rules of the game."

This is the character of table kept by the appellee for public use and upon which the game of pool was played, the players using more balls than in billiards and according to learned experts is now a pool table. The object of the act in question was to raise revenue from the license to those who kept mere tables for the public use and to determine that they are only pool tables is a violation of the law. The court instructed the jury that unless the game of billiards was played on these tables, they must find the defendant not guilty. It is immaterial what games are played on the table. If kept for public use, and billiards, pool and any other game is played upon them, the parties are guilty. It was a question of fact for the jury to determine as to whether games were played, but the court should have said to the jury: That a rectangular table with cushions on the sides, with four pockets, one in each corner, and on which games are played with cues and balls is a billiard table within the meaning of the statute. License for billiard tables are required to be obtained in counties and incorporated cities and towns, but to own or have possession of a billiard table not used by the public is no violation of the statute. It is a mistaken view of the statute to say that the indictment has followed its provisions. It fails to state a public offense. The statute is that the several county courts of this commonwealth, incorporated towns and cities shall have power to grant license for billiard tables within their respective limits. (See in section 1 and 2, General Statutes, subsection 13, Chapman 93.) As this case is here in order that the question may be settled as to the right of a party to use without license such a table as is described

in the indictment, it is proper to pass on the question. The judgment is affirmed for the reason the indictment fails to state a public offense, but in construing the statute, it should be construed so as to express the legislative will, and if so a license should have been obtained.

Judgment *affirmed.*

*Basil W. Duke, A. G. Coruth, Kohn & Barker, James P. Helm, P. W. Hardin, for appellant.*

*Kinney & Kinnery, H. Clay for appellee.*